

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:                    Attention:  Mr. W. S. Bussey

Opinion No. O-2496
Re:  Under the facts set forth should
     a complaint be filed under Article
     1037 of the Penal Code for selling
     less than the quantity represented
     of a commodity, i. e., wood? And
     related requests.

        Your recent request for an opinion of this De-
partment on the above stated question and the related re-
quests as herein set out have been received.

        Your letter reads in part as follows:

        "This Department recently received a complaint
from a citizen who had purchased one cord of wood
from a dealer, said dealer delivering to the resi-
dence of the purchaser a quantity of wood which he
represented as being one cord and collected for one
cord of wood at the price which had been quoted.

        "Owing to the fact that the pile of wood seemed
rather small to be a full cord, the purchaser measur-
ed same, finding that less than three-fourths of a
cord had been delivered, which measurement was later
confirmed by a representative of this Department.

        "In the light of the above explanation, should
a complaint be filed under Article 1037 for selling
less than the quantity represented of a commodity,
towit: wood; and if so, will you please prepare for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

this Department the proper form complaint to
be filed?

"If the complaint should be filed under
some other statute, please advise and also furn-
ish us with the proper form complaint under that
statute."

Article 1037, Vernon's Annotated Penal Code, reads
as follows:

"False weights and measures. - Any person
who, by himself or by his servant or agent of
another person, shall offer or expose for sale,
sell,use, or retain in his possession any false
weights or measures, or weighing or measuring
devices, in the buying or selling of any commod-
ity or thing or in calculating or measuring ser-
vice or in the determination of weight or measure
when a charge is made for such determination, or
who shall dispose of any condemned scales, weights,
measures or weighing or measuring devices contrary
to law; or who shall sell or offer or expose for
sale less than the quantity he represents of any
commodity, thing or service, or shall take or at-
tempt to take more than the quantity he represents
of any commodity, thing or service, when, as the
buyer or weigher of any commodity, he furnishes
the weight, measure, or weighing or measuring de-
vice by means of which the amount of any commod-
ity, thing, or service is determined; or who shall sell
sell or offer for sale, or use or have in his pos-
session for the purpose of selling or using, any
device or instrument to be used to or calculated to
falsify and weight or measure; shall be guilty of a
misdemeanor, and shall be punished by a fine or not
less than $20 or more than $100, upon the first con-
viction in any court of competent jurisdiction; and
upon a second or subsequent conviction in any court
of competent jurisdiction he shall be punished by a
fine of not less than $50 or more than $200."

Article 1037(a), Vernon's Annotated Penal Code, pro-
vides that:

"Definitions. - The word 'person' as used
in this Act shall be construed to import the plural

and singular, as the case demands, and shall include corporations, companies, societies, and associations. The words 'weights, measures or (and) weighing and measuring devices' as used in this Act, shall be construed to include all weights, scales, beams, measures of every kind, instruments and mechanical devices for weighing and measuring and any appliances and accessories connected with any or all such instruments. The word 'sell' or 'sale' as used in this Act, shall be construed to include barter and exchange. The term 'false weight or measure, or weighing and measuring devices,' shall be construed to mean any weight or measure which does not conform to the United States Standards of weight or measure or any weighing or measuring device which does not give correct results or is manipulated to give incorrect results in terms of United States Standards of weight or measure."

Article 1042, Vernon's Annotated Penal Code, reads as follows:

"Failure to regard unit of measure. - Whoever in buying any commodity or article of property, merchandise or produce, the standard weight of which per bushel or barrel, or divisible merchantable quantities of a bushel or barrel, or by the cord or ton or cubic yard, has been fixed by the laws of this State, shall take any greater number of pounds thereof to the bushel, barrel or cubic yard, or divisible merchantable quantity of bushel, barrel, cubic yard or lineal yard, or in selling any of the same, shall give any less number of pounds thereof to the bushel, barrel, cubic or lineal yard, or divisible merchantable quantity of bushel, barrel, cubic or lineal yard than is allowed by the laws of this State, with intent to gain an advantage thereby, shall be fined not less than twenty nor more than two hundred dollars."

Article 1037, supra, makes it an offense for any person, who, by himself or his employee or agent, or as the employer or agent of another, shall use in the buying or selling of any commodity or retain in his possession a false

weight or measure, or weighing or measuring instrument.
This statute further makes it an offense for any person to
use or have in his possession for the purpose of selling
or using any device or instrument to be used, or calculated
to, falsify any weight or measure. Clearly under the facts
set out, there is no violation of Article 1037. There are
no facts under the above mentioned situation showing that
false weights or measures were used in the buying or selling
of any commodity, neither were false weights or measures
used or had in the possession of the party in question for
the purpose of selling or using any device or instrument
to be used to, or calculated to, falsify any weight or meas-
ure. Article 5734, Vernon's Annotated Civil Statutes, pro-
vides in part that:

> "Whenever any commodity is sold by the cord,
> it shall mean 128 cubic feet, or the contents of
> a space 8 feet long, 4 feet wide, and 4 feet high
> ."

We quote from Texas Jurisprudence, Volume 44, page
516, as follows:

> "Construing the statute, it has been held that
> a cord is a measure of wood containing 128 cubic feet,
> or, otherwise expressed, it is a pile of wood 8 feet
> long, 4 feet wide, and 4 feet high. However, the law
> does not require that, in order to ascertain that a
> quantity of wood sold is a cord, or any multiple there-
> of, it shall be placed in a pile of such dimensions;
> any other measurement or pile that contains a full
> cord satisfies the statute." Sacks v. State, 204 S. W.
> 430.

Under the above stated facts, we are of the opinion
that the complaint could not be filed under Article 1037,
supra, but should be filed under Article 1042, Vernon's Annot-
ated Penal Code.

With reference to a form complaint, we would re-
spectfully refer you to Form No. 462, page 260, of Wilson's
Texas Criminal Forms Annotated, which form we believe is
the proper form for a complaint under the above stated facts,
and Article 1042, supra.

Department of Agriculture, Page 5

Trusting that we have satisfactorily answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED JUL 12 1940

FIRST ASSISTANT
ATTORNEY GENERAL

AW:EEB

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN

